UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DYMINE POWELL AND ERIAL CARR | CIVIL ACTION |
| VERSUS | NO: 21-1084 |
| DARRELL JAMES SCHMITZ, JNJ EXPRESS, INC., JNJ LOGISTICS, LLC, and GREAT WEST CASUALTY COMPANY | SECTION: "T" (4) |

## ORDER

Before the Court is a **Motion to Compel Discovery (R. Doc. 30)** filed by the Defendants herein, Darrell James Schmitz, JNJ Express, Inc., JNJ Logistics, LLC, and Great West Casualty Company, seeking an order compelling Plaintiff's, Dymine Powell and Erial Carr, to provide signed medical records release authorizations. The motion is not opposed. The motion was set for submission on February 23, 2022 and was heard on the briefs.

Before considering the merits of Defendants' motion, the Court must consider whether the Defendants have demonstrated "good cause" under Federal Rule of Civil Procedure ("Rule") 16(b)(4) to seek discovery beyond the deadline set in the Court's Scheduling Order. The Scheduling Order in this case provides "all discovery shall be completed no later than Monday, February 14, 2022." R. Doc. 10, p. 2. The scheduling further provides, "[d]eadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause." R. Doc. 10, p. 4.

The Court first notes that Defendants are not in compliance with the Court's Scheduling Order because the order requires that all discovery be complete by Monday, February 14, 2022. As this motion was not set for hearing until February 23, 2020, after the discovery deadline, the motion is untimely. *See, e.g., Alario v. Offshore Servs. Vessels, LLC*, No. CV 09-5440, 2010 WL

11537967, at *2 (Roby, M.J.) (E.D. La. Dec. 16, 2010) (denying motion as untimely set for submission three days after the discovery deadline); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (finding where the Scheduling Order establishes a date for the completion of discovery, parties were required to obtain all necessary discovery and complete discovery by that deadline, which requires a party's motion to be filed sufficiently in advance of the discovery deadline in order to allow it to be heard by a court, and if granted, to allow the compelled discovery to be produced prior to the deadline); *Zubarik v. Rubloff Dev. Grp., Inc.*, No. 3:05-CV-1491-P (BH), 2007 WL 9712168, at *2 (N.D. Tex. June 14, 2007) (same); *SJD-CC, LLC v. Marsh USA, Inc.*, No. CIV.A. 06-09903, 2008 WL 2277858, at *2 (E.D. La. May 29, 2008) (same); *Neel v. Fannie Mae*, No. 1:12CV311-HSO-RHW, 2013 WL 12172632, at *1 (S.D. Miss. Nov. 14, 2013) (stating, absent good cause, the court will not normally grant discovery motions filed on the eve of the discovery deadline). As such, Defendants need to show good cause to extend the deadline before the Court addresses the motion on the merits.

In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

Here, Defendants did not make any arguments under the Rule 16(b) good cause standard. However, the Court will analyze Defendants' motion to determine if the pleading provides sufficient good cause to seek discovery beyond the discovery deadline.

The Court also notes that it appears Defendants believe that they are in compliance with the scheduling order by filing the motion on February 7, 2022, prior to the discovery deadline of February 14, 2022. However, the motion was not submitted to the Court until February 23, 2022, which would require the Court, if granting Defendants' motion, to compel the production of discovery after the deadline. The scheduling order expressly says, "all discovery shall be completed no later than Monday, February 14, 2022." R. Doc. 10, p. 2.

The Court acknowledges that the requested medical authorizations are likely important given that Plaintiff's alleges personal injury damages among their claims. However, without more information from the Defendant, the Court finds that the level of importance does not constitute good cause to allow the discovery after the deadline.

Additionally, it seems that Defendant is suggesting it will be prejudiced by not having access to the medical records being sought, however, the Court notes that Defendant is already in possession of some medical records. According to Defendant, in June 2021 Plaintiff was served with Requests for Production of Documents including authorizations for the medical records. R. Doc. 30-1, p. 2. Plaintiff's produced the authorizations, and Defendant contends that upon reviewing those records, new health care providers were discovered. *Id.* As a result, on January 13, 2022, Defendant requested additional authorizations from the Plaintiff. Defendant does not state when the medical records were received or why they additional authorizations were not requested until January 13, 2022, a little more than a month before the discovery deadline. R. Doc. 30-1, p. 2.

Furthermore, as noted above, Defendant requested the medical authorizations on January 13, 2022, after twelve days with no response, Defendant followed up on January 25, 2022 requesting a conference on January 31, 2022. Plaintiff's did not respond to the request, did not respond to voicemail, and did not attend the conference. Defendant followed up via email on January 31, 2022 to no avail. Seven days later, on February 7, 2022, Defendant filed this motion seeking to compel signed medical authorizations.

Defendant submitted the request for authorizations on January 13, 2022, even if Plaintiff produced the signed authorizations, it is unlikely that the medical records requested would have been produced by the discovery deadline. Moreover, Defendant contributed to the untimeliness of this motion by not promptly filing the motion when Plaintiff's failed to produce the authorizations.

Last, the trial date is quickly approaching, April 25, 2022. The parties have been on notice of this trial date and the accompanying deadlines since August 14, 2021. Additionally, the parties have already filed witness and exhibit lists, as well as pre-trial Motions in Limine. Therefore, the pleading does not remotely suggest a good cause for this late discovery request.

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Compel Discovery (R. Doc. 18)** is **DENIED.**

New Orleans, Louisiana, this 3rd day of March 2022.

---

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**